**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Levita Vazquez-Velazquez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 4477 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Costco Wholesale Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Levita Vazquez-Velazquez, brings this action against defendant, Costco Wholesale Corporation ("Costco"), having suffered an injury when she slipped on a cucumber while shopping at a Costco store. Plaintiff claims her injury was the result of Costco's negligent failure to keep its aisles clean and free of hazardous conditions. Defendant moves for summary judgment, arguing that Plaintiff has not come forward with sufficient evidence to permit a reasonable jury to find in her favor. For the following reasons, the Court grants the motion.

## BACKGROUND

The following facts are taken from the statements and responses the parties have submitted pursuant to this district's Local Rule 56.1. Unless otherwise noted, these facts are either undisputed or presented from the point of view of Plaintiff, the non-moving party.

Plaintiff and her husband, Jesus Peralta, shopped at a Costco store on North Clybourn Avenue in Chicago on June 13, 2021. Plaintiff and Peralta were walking in a health and beauty aisle, with Plaintiff a bit behind Peralta as she scanned the shelves for vitamins, when Plaintiff slipped and fell backward. Peralta turned and saw a cucumber on the floor, crushed by Plaintiff's foot, less than twelve inches away from Plaintiff. Plaintiff had sticky liquid on her leg, which she

identified as cucumber juice. Costco sold cucumbers on the day of Plaintiff's fall, although not in the section of the store where the accident occurred.

Plaintiff had been shopping for about thirty minutes at the time of the accident, 1:15 pm. Costco performs "floor walks" several times per day to check for hazards on its floors and, on approximately every other floor walk, to check the temperature in its coolers. According to Costco's records from the day of Plaintiff's fall, the first floor walk began at 8:30 am and took forty-five minutes. The second began at 11:35 am and took twenty minutes. The third began at 12:30 pm and took fifteen minutes; this floor walk did not include a temperature check. The fourth began at 1:05 pm and took only ten minutes, although this floor walk *did* include a temperature check.

## LEGAL STANDARD

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmovant. *Spurling v. C & M Fine Pack, Inc.,* 739 F.3d 1055, 1060 (7th Cir. 2014).

"Even on summary judgment, district courts are not required to draw every requested inference; they must only draw reasonable ones that are supported by the record." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011). "[S]peculation is not enough to create a genuine issue of fact for the purposes of summary judgment." *Tousis v. Billiot*, 84 F.4th 692, 696 (7th Cir. 2023) (citations omitted). The court will enter summary judgment against a

party who does not "come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013).

## ANALYSIS

This diversity case is governed by Illinois law. Plaintiff's two-count complaint asserts claims under theories of negligence and premises liability. "Ordinary negligence requires proof of (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately caused by the breach." *Martin v. City of Chicago*, 229 N.E.3d 986, 991 (Ill. App. Ct. 2023). Premises liability requires proof of those three elements, as well as three others: "(1) there was a condition on the property that presented an unreasonable risk of harm, (2) the defendant knew or reasonably should have known of the condition and the risk, and (3) the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger." *Id.* "In effect, the difference between premises liability and ordinary liability is that in a premises liability case the defendant is alleged to have 'maintained a dangerous condition,' whereas in an ordinary liability case the defendant is alleged to have caused the dangerous condition." *Hutson v. Pate*, 216 N.E.3d 1085, 1093 (Ill. App. Ct. 2022) (quoting *Reed v. Wal-Mart Stores, Inc.*, 700 N.E.2d 212, 215 (Ill. App. Ct. 1998)). "A business owner breaches its duty to an invitee who slips on a foreign substance if (1) the substance was placed there by the negligence of the proprietor; (2) its servant knew of its presence; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, *i.e.*, the proprietor had constructive notice of the substance." *Milevski v. Ingalls Mem'l Hosp.*, 123 N.E.3d 449, 457 (Ill. App. Ct. 2018); *see Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014).

3

## I.    Ordinary Negligence

In support of her claim of ordinary negligence, Plaintiff suggests that, because Defendant sells cucumbers, there is a genuine issue of fact as to whether Defendant caused the cucumber to be on the floor of the health and beauty aisle in the course of conducting its ordinary business activity.[1] Plaintiff has not come forward with evidence sufficient to demonstrate a genuine, material factual dispute as to this issue.

For Plaintiff's argument to succeed, she must show that "in addition to the fact that the substance on the floor was a product sold or related to defendant's operations, . . . some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, [supports the inference] that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises." *Donoho v. O'Connell's, Inc.*, 148 N.E.2d 434, 439 (Ill. 1958); *see Zuppardi*, 770 F.3d at 649-50 (citing this portion of *Donoho*). Plaintiff has not come forward with any such evidence. There is nothing to indicate how the cucumber came to be on the floor, much less to support an inference that it fell to the floor through Defendant's "conduct or activity," rather than a customer's carelessness. *Martin*, 229 N.E.3d at 991; *see id.* at 994. It is undisputed that Plaintiff slipped on the cucumber in a health and beauty aisle, shopping for vitamins—not in the produce section, the checkout area, or otherwise in some part of the store where one might expect a cucumber to fall to the floor, if it fell as part of Defendant's normal business operations. *Cf. Mraz v. Jewel Tea Co.*, 257 N.E.2d 548,

---

[1] In the section of her brief devoted to ordinary negligence, Plaintiff also suggests that Defendant must have performed the 1:05 pm floor walk negligently, as it is improbable that a floor walk that took 45 minutes at 8:30 am could be performed in ten minutes at 1:05 pm. Because this argument does not depend on how the cucumber came to be placed on the floor, it fits better with Plaintiff's premises liability theory, and the Court will address it in connection with the premises liability claim.

554 (Ill. App. Ct. 1970) (because plaintiff slipped on lettuce in a part of the store where the defendant used lettuce boxes for packaging, but customers were unlikely to handle unwrapped lettuce, jury could reasonably infer that defendant dropped the lettuce). Even if Plaintiff had fallen, for example, in the produce section, where Defendant stocked and sold cucumbers, that still might not have been enough to permit Plaintiff to survive summary judgment on this question. *See Thompson v. Econ. Super Marts, Inc.*, 581 N.E.2d 885, 888-89 (Ill. App. Ct. 1991) (rejecting argument that the jury could reasonably infer that "it was more likely that the defendants' servants dropped the item," a lettuce leaf, "than a customer," the fact that the plaintiff's fall occurred in the produce section notwithstanding, in the absence of other evidence). There is no basis in this case, based on the location of the accident or any other evidence, for any reasonable inference that Defendant dropped the cucumber on which Plaintiff slipped in the health and beauty aisle.

In this regard, this case is like *Zuppardi*, in which the plaintiff, who was injured when she slipped in a puddle of water while shopping, argued—unsuccessfully—that a reasonable juror could infer that the water had come from a bottle that had broken or leaked as the defendant restocked its shelves. The Seventh Circuit explained that the store's bottled water was "located six aisles away" from where the plaintiff fell, and the fact that the plaintiff "slipped on something that happens to be sold" in the defendant's store, without more, did not suffice to support the inference that the defendant had caused the spill. *Zuppardi*, 770 F.3d at 650. The same reasoning applies here. Plaintiff lacks sufficient evidence to create a genuine dispute of material fact as to whether the cucumber on which she slipped came to be on the floor through Defendant's actions, so summary judgment on the ordinary negligence claim is appropriate.

## II.    Premises Liability

"If, as here, there is no showing how the substance" that caused the injury came to be on the floor, "liability may be imposed if it appears that (a) the owner or his employees knew of its presence, or (b) the substance was there a length of time so that in the exercise of ordinary care its presence should have been discovered." *Tomczak v. Planetsphere, Inc.*, 735 N.E.2d 662, 667 (Ill. App. Ct. 2000). Plaintiff does not contend that Defendant had actual knowledge of the presence of the cucumber. She argues instead that Defendant should have discovered the cucumber in the exercise of ordinary care, *i.e.*, that it had constructive notice of the hazard. Her argument founders, however, based on the absence of evidence of the length of time the cucumber was on the floor.

"In a case such as the instant one, where the plaintiff alleges constructive notice, the time element to establish constructive notice is a material factor." *Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 1980); *see Torrez v. TGI Friday's, Inc.*, 509 F.3d 808, 811 (7th Cir. 2007) (explaining that the "length of time" the accident-causing substance was there is "[o]f critical importance"). "Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008) (citing *Tomczak*, 735 N.E.2d at 668, and *Hayes*, 400 N.E.2d at 546-47); *see Zuppardi*, 770 F.3d at 651. Thus, in *Hayes*, where the plaintiff slipped on a puddle in a bar bathroom at 12:30 am, and the bathroom had not been inspected since 10 pm, but there was no evidence as to how long the puddle had been there, the Illinois Appellate Court ruled that the plaintiff could not establish that the owner's negligence caused the injury. 400 N.E.2d at 546. The court reasoned that "the failure to show how long the water had been on the floor was a failure to show proximate cause. It is entirely possible that the floor did not get wet until just before plaintiff walked into the restroom." *Id.*

6

This case is similar to *Hayes*. There is no evidence as to when or how the cucumber came to be on the floor. Without some such evidence, Plaintiff cannot prevail on a theory of constructive notice, as numerous decisions have recognized, applying *Hayes* and like cases. *See Junko v. Home Depot U.S.A., Inc.*, No. 21 C 649, 2022 WL 3357273, at *3 (N.D. Ill. Aug. 15, 2022); *Treshuk v. Whole Foods Mkt. Grp., Inc.*, No. 18-CV-5050, 2021 WL 4282626, at *4 (N.D. Ill. Sept. 21, 2021); *Osmani v. Menard, Inc.*, No. 16 C 3413, 2017 WL 2985742, at *5 (N.D. Ill. July 13, 2017); *Ellis v. Walmart, Inc.*, 2012 IL App (2d) 110186-U, ¶ 25, *Pydo v. Dominick's Finer Foods, LLC*, 2012 IL App (2d) 110155-U, ¶ 16. [2] Just as in *Hayes*, where the water could have been spilled a mere moment before the plaintiff entered the bathroom, the cucumber could have been dropped just before Plaintiff turned into the aisle where she slipped and fell. No reasonable jury could find Defendant liable under a constructive-notice theory under such circumstances.

Plaintiff relies on *Chapman v. Foggy*, 375 N.E.2d 865, 868 (Ill. App. Ct. 1978), in which a business patron injured herself on a splintering railing, but *Chapman* is plainly distinguishable. In *Chapman*, evidence showed that the railing had been splintering "for some time prior to the incident" in which the plaintiff was injured. *See Richardson v. Bond Drug Co. of Illinois*, 901 N.E.2d 973, 977 (Ill. App. Ct. 2009) (distinguishing *Chapman* on this basis). Indeed, not only was there evidence in *Chapman* that the dangerous condition of the railing had existed for some substantial "period of time," there was also evidence that the business's practice was to wash the railing daily, which "would support a finding of notice, either presumed or actual." *Chapman*, 375 N.E.2d at 868-69. *Chapman* is not analogous to this case.

---

[2] The Court notes that *Ellis* and *Pydo* are unpublished orders filed under Illinois Supreme Court Rule 23, which are nonprecedential. The Court cites them here not for any precedential weight but merely for the persuasive value of their reasoning, in the same manner that it cites federal district court decisions, which are also nonprecedential. *See Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 1998).

Plaintiff makes much of the fact that Defendant's records show that one of its employees performed a floor walk in only ten minutes at 1:05 pm, ten minutes before Plaintiff's fall. According to Plaintiff, all the other floor walks that day took longer, so the 1:05 floor walk must have been performed negligently.[3] Even assuming that Plaintiff is correct that a thorough floor walk cannot be performed in ten minutes (although Defendant points out that one employee testified that it could), this is of no help to Plaintiff because Plaintiff still lacks evidence that any negligence on that score caused her injury.

"Plaintiff fails to understand that the failure to show how long the [cucumber] had been on the floor was a failure to not only establish constructive notice, but also a failure to establish proximate cause." *Ellis*, 2012 IL App (2d) 110186, ¶ 24. "In the absence of any evidence showing that the [cucumber] had been on the floor 'a substantial period of time,' there is no evidence that defendant's alleged failure to properly perform its required safety sweep and/or walk-through caused [the cucumber] to remain on the floor and caused plaintiff to slip and fall." *Id.* (quoting *Hayes*, 400 N.E.2d at 547). Perhaps the 1:05 floor walk was hastily performed, but was thorough as to the health and beauty aisle where Plaintiff fell. As far as the evidence shows, an employee might have walked down that aisle just before the cucumber dropped, which might have been just before Plaintiff turned into the health and beauty aisle. Without more evidence, including evidence as to when the cucumber dropped to the floor, this innocent scenario is as likely as any scenario in which Defendant is culpable, and Plaintiff cannot survive summary judgment under such circumstances. *See Richardson*, 901 N.E.2d at 977 ("The existence of one fact cannot be inferred when a contrary fact can be inferred with equal certainty from the same set of facts."); *see also*

---

[3] The employee who performed this floor walk has since passed away and apparently was not deposed.

*Pydo*, 2012 IL App (2d) 110155-U, ¶ 14 ("Liability cannot be based on guess, speculation, or conjecture as to the cause of the injury. Proximate cause can only be established if it is reasonably certain the defendant's acts caused the plaintiff's injury.") (internal citation omitted). Under these circumstances, no reasonable jury could find that Defendant had constructive notice of any hazardous condition on its premises, or that it was Defendant's breach of any duty in failing to remedy the condition that proximately caused Plaintiff's injury.

Plaintiff does not argue that her accident was caused by a recurring condition, so the Court does not address the issue. Defendant argues that the cucumber was an open and obvious condition, but the Court need not reach that argument because Defendant's motion succeeds on other grounds. The Court agrees with Defendant that Plaintiff has not come forward with evidence that would permit a reasonable jury to find in her favor on certain essential elements of her claim. Defendant is therefore entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion for summary judgment [48]. Defendant's motion to seal [52] is granted, as the Court has not relied on the exhibits that are the subject of the motion. Civil case terminated.

**SO ORDERED.**

ENTERED: **September 2, 2025**

**HON. JORGE L. ALONSO**
**United States District Judge**

9